Thank you, Your Honor. Okay, counsel for appellate, please proceed, Mr. Burke. Thank you and good morning. May it please the court, Christopher Burke for Appellant Miller. I'd like to reserve two minutes for rebuttal. Counsel, please be reminded that the time shown on the clock is your total time remaining. Understood. Thank you. The decision of the DCPA complaint because defendants failed to properly renew their judgments in two ways. One, five days before is not three days after. And two, the date a judgment is entered is not a moving target. Counsel, I think your first argument is probably your better one. So let me take the second argument. How is it that you read the statute to say that you essentially use the anniversary date and not 90 days? If you look at the language, it says within 90 days before the judgment expires by limitation. It doesn't say 90 days before the anniversary date of the judgment. Thank you, Your Honor. In five ways, the plain language, which you just discussed, logic, it's easier to calculate. It agrees with common sense. It doesn't render part of the mere surplusage. And it's more efficient. When a judgment is entered, somebody has six years to collect. If they go to renew it, they have to file that within 90 days to get another six years. But that doesn't lessen the time they have. In other words, they have six years. They renew it within 90 days, they have another six years. Otherwise, you're penalizing them by filing it early. But that doesn't hurt you. I mean, that doesn't hurt the debtor. It doesn't necessarily hurt the debtor. It may come into play if some of the information that has to be in the affidavit isn't as accurate. But the statute is to help both parties. It's to benefit the debtor that the creditor has to take an action. But it benefits the creditor, too, because it maximizes their time. But, Dee, can you argue on behalf of the creditor that the statute is being violated because it hurts the creditor? Is that your argument? It's not that I'm looking to help the creditor. It's I'm trying to parse the statute. And so, again, logic would say, if I'm the creditor, I want 12 years. I want 18 years. But when you start putting it back 90 days, the creditor, after the first one, will get 11 years and nine months. So, if the creditor wants to deprive itself of some time, how does that violate the statute? It's not necessarily that the creditor wants to deprive itself. It's that the statute leads to an absurd result. And as my brief discussed... How is that absurd if the creditor decides that it wants to give the notice early? How is that absurd? Perhaps they don't want to take the risk of missing the deadline, so they do it early. Wouldn't that make sense as well? It would, except if you keep taking it back, there's you go back 90 days, the first renewal, another 90 days, after four renewals, we're a year earlier. And if I buy a debt from somebody, I want the maximum amount of time. But that's not entry to your client, though. That's to the debtor. That's not anything that would affect the debtor in any way. Understood. But I'm trying to parse the most logical way to look at the statute. And it's also easier to calculate. In the Levin case, which the U.S. District Court fails to even cite, it says strict compliance with both prongs that I'm arguing today. And it specifically says on page 403, thus a judgment expires by limitation in six years. So again, I've got my six. If I do it within 90 days, I get another six. I don't lose those few 90 days. Then we're cutting out expires by limitation in six years. And we're just saying that a judgment expires. So there's a case of Jones versus Urbanski. And in that case, the following passage appears. They're talking about 17.21. It says the Urbanskis filed the affidavit required to renew it pursuant to NRX 17.214. In their renewal papers, the Urbanskis provide that they served Jones with the affidavit before it was passed. Read that. I know it's hard for you to disagree to read it and to hear it. But what the passage is saying is that in that case, they served the affidavit before it was renewed, before it was filed. And the Supreme Court appeared to have that problem. I don't think you have a chance to look at that case, but I'm just trying to swear that that case or the first paragraph, that's what it says. And it's dealing with the statute. They didn't say, whoa, hold on a second. You know, that affidavit was served before it was filed. Thank you. Two points about that. One, where does that end if you do it before? Is it five days here, such as here? Is it 50 days? Can I just serve it at any time? No. Eleven, and then the recent less than three weeks old case of BMO Harris as strict compliance. And in both of that, it wasn't within three days after it was filed. And they said, no, it's done. Even when in- But was it later than three days? The issue is, to me, there's a difference between not meeting the statute when you do it late, as opposed to when you do it early. Because if you do it late, then you haven't complied with the statute. If you do it early, you've given more notice than was required. The problem is, it does not let somebody know if it was actually filed. When you do it before, they have no idea. The point of it coming after is so somebody knows, okay, what was- But they know it was filed, and that's all they need to know, that the judgment has been renewed. Well, they wouldn't- That the judgment is being renewed. They wouldn't know. Take this case. March 5th, they sign the affidavit. March 11th, they mail it. March 16th, they file it. But the debtor wouldn't know that because he doesn't get that. He's supposed to get the certified copy. And in BMO Harris, even the dissent says that it needs to be strictly complied with the three years, I mean, the three days. And it says, it's assumed that somebody's filed it and is mailing it. So somebody knows. Otherwise, the debtor has no clue. And this is- What do you mean the debtor has no clue? If you get a mailing saying we're renewing the judgment, then that's the notice, isn't it? It's supposed to be filed and then sent to the debtor. And we're dealing with the FDCPA, the least sophisticated consumers. And so, a creditor could collect on a judgment that has that's not fair to the debtor. It also messes up title searches because you're trying to figure, okay, 90 days here. What's 90 days here? What's 90 days here? If we keep the date the judgment was entered as the date throughout, it's easier to calculate. And to say five days before, and I see my time, so I'll just leave it this way. If we're going to say the statute, as defendant argues, three days or five days before, the statute says nothing about before. Again, the debtor wouldn't know. So that's critical that it was actually filed. But if you're going to say three days or five days before is okay, then why can't we say on the second part, the 90 days, that five days after the 90 days- That's a different issue because- It's not missing those words. It doesn't specifically say that. So, why don't we include it? And unless there's other questions, my time is down to a minute. All right. Thank you, counsel. Thank you. We'll hear from you on rebuttal. Counsel? Ms. Jones? Good morning. Can you hear me? Yes. Thank you. Good morning, your honors, and may it please the court. My name is Mikayla Jones, counsel for Appellee Crisis Collection Management, Robert Broilie, and Christopher Mumm, who we have been collectively referring to as crisis. Counsel, could I ask you about the second argument that's being made? And what I'd like to do is go back and look at the statute because I think there's a reason why it's important that the four-mailing or the reverse, and that is if you look at 17.213, that refers to within three days after filing the affidavit. But if you go back to two, and we're supposed to look at statutes holistically, we see why the sequence is important and the function because it says it's the filing of the affidavit that renews the judgment. Okay? So, it's important that there is a sequence here because you actually have the renewing of the judgment that occurs with the filing. And then it would follow that the notice would then be within three days after filing the affidavit because that's the act that renewed the judgment. Thank you, your honor. So, my response to that would be that in the Nevada Supreme Court cases of Levin and Whittemore, the court explained that actually it's all three acts that would renew a judgment or constitute a valid judgment renewal. It would be filing, recording if the affidavit or if the judgment is one that has been recorded, as well as service. And so, the Supreme Court has already stated that it's those three acts which would constitute renewal. And something I heard opposing counsel mention, if we look at the language of Section 3, there is absolutely no requirement that you send a certified copy of the affidavit of renewal to the debtor. And so, this idea that a debtor would have no idea if an affidavit of renewal had ever actually been filed, well, that concern exists regardless of whether we accept the premise of Miller's interpretation of the statute, that the only time you can serve is after filing. Counsel, do you agree with opposing counsel's reading of Levin that strict compliance is required? I do. And I think that our How can it be strict compliance if the dates are not consistent with what the statute provides? Because it is our position that it is consistent with the plain language of the statute. What the plain language of the statute does is it sets a drop-dead date for service. The last point in time in which a creditor can serve a debtor is three days after service. The statute provides no triggering date. It does not prescribe, the plain language of the statute does not prescribe that the earliest a creditor can serve a debtor is on the date of filing. So, your argument is if the statute contemplated something different, it would perhaps read something like no earlier than so many days and no later than so many days, if that was the intent of the legislature. Correct. The statute sets no triggering date. The intent of the legislature is to ensure that the debtor receives notice and the legislature made a determination that we want that to happen within three days of filing. Now, what about the opposing counsel's argument that under your reading, it could be filed six months before and that wouldn't make any sense? How do you respond to that? My response to that is that the statute isn't read in isolation. Litigators are also must adhere to the Nevada Rules of Civil Procedure and NRCP 5D sub 1 explicitly prescribes that filing must occur within a reasonable time after service. A litigator would be, you know, have to honor that. And, you know, as a practical matter, a creditor is going to file its affidavit of renewal or it judgment. So, I have a hard time imagining a situation where that would actually occur. And to the extent it does, there's a backstop. And I apologize, I've been pausing because I think there's a bit of a lag on the audio. But to continue, I also want to address that the facts of this case are entirely different than those of Levin and Whittemore. In those cases, the creditors argued substantial compliance to justify acts that directly contradicted the voided a judgment renewal, which was filed 12 days, or I'm sorry, which was served 12 days after it was filed. That is clearly in contradiction to the plain language of the statute which says it must be served within three days after. And then turning to Whittemore, there the Nevada Supreme Court voided an affidavit of renewal where the creditor served the debtor's counsel by electronic service, which again, is directly contradictory to the plain language of the statute, which specifically prescribes that it needs to be mailed, or I'm sorry, that it needs to be mailed, be sent by certified mail to the debtor's last known address. So, again, those facts are, the facts of this case are very much distinguishable from the facts of Levin and Whittemore. And so, in addition, strict compliance under the Nevada Supreme Court does not mean absurd compliance. And I think this, the facts of this case really demonstrate that, that serving a debtor before it is filed, especially where that is not prohibited in the plain language of the statute, should be seen as complying with the plain language of the statute. Is it your view that if that occurs, that the judgment has been renewed despite what too says that it's the filing of the affidavit that renews the judgment? It's my position that here where recording is not an issue, that servants and filing, both of those acts are required to renew a judgment. So, what's your answer to the question? Is the judgment renewed before the filing? No, the judgment is renewed at the time of filing. I think the statute makes clear that it's that date that it goes off of, which is, you know, consistent with NRS 17.150 regarding the, if it were to be recorded. Anything else, counsel? Yes, thank you. I would also like to briefly address NRS 17.214 sub 4 regarding the fact I think the plain language of the statute is clear that renewed judgments expire by limitation six years from the date of the preceding judgment renewal. I heard opposing counsel say he takes issue with the language expires by limitation as being superfluous. But I think even as the Levin court made clear that language expires by limitation is only a reference to NRS 11.190, which states that an action on a judgment or renewal of that judgment must be commenced within three years. I'm sorry, must be commenced within six years. And so, that language has direct meaning and that meaning is set forth in subsection four. And if there are no further questions, we ask this court to affirm the district court's order. It appears not. Thank you, counsel. Rebuttal? Thank you. Christopher Burke again for Miller. The dissent which in BMO Harris, which was pushing for substantial compliance even says in talking about 2.2143, this presupposes that renewal of the judgment is completed by the time notice is served. That didn't happen here. So, you even have the dissent saying, look, you got to file it before you mail it. It didn't happen. Second, you can file it, but you still have to file it within the three days. You still have to follow the three days, whether you do it early or not, if you want to spend the time to do it. They didn't do that here. And because of that, the judgments were void and the district court erred in dismissing this complaint. I would ask the court to reverse it, remand it, and I ask for a summary judgment under 56F because this is strictly a legal issue. Thank you. If there's no further questions. Thank you, counsel. It appears not. Thank you to both counsel. The case just argued is submitted for decision by the court. The next two cases, Roque-Sanchez versus Garland and Sento versus Newres have been submitted on the briefs.
judges: RAWLINSON, OWENS, Fitzwater